**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**TROY GRIFFIN**                                                    **CIVIL ACTION**

**VERSUS**                                                          **NO. 19-14646**

**WALMART HEADQUARTERS**                                            **SECTION "B"(3)**

## ORDER AND REASONS

For the following reasons, **IT IS ORDERED** that plaintiff's opposed motion to set aside summary judgment and for extension of time is denied. (Rec. Docs. 30-31).

## FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This suit arises out of an alleged slip and fall accident in defendant Wal-Mart's store in Laplace, Louisiana. Rec. Doc. 1 at Ex. 1 (Plaintiff's petition for damages). According to plaintiff Troy Griffin, on November 9, 2018, he was walking through the entrance of defendant's store number 961 when he slipped in a puddle of water. *Id.* As a result of this slip and fall, plaintiff alleges that he sustained a hip injury that has required a total hip replacement. *Id.*

On November 8, 2019, plaintiff filed suit against Wal-Mart Headquarters in the 40th Judicial District Court of St. John the Baptist Parish, alleging that the sole and proximate cause of his accident was the defendant's negligence. *Id.* Specifically, plaintiff alleged defendant is liable for his resulting damages because it failed to get water off the floor and because it failed

1

to put up signs warning customers of the present danger. *Id.* Plaintiff avers that he is entitled to compensation for his pain and suffering, mental anguish, and lost wages. Rec. Doc. 1 at Ex. 1.

On December 16, 2019, defendant removed the suit to this Court under § 1332 subject matter jurisdiction. Rec. Doc. 1. On April 27, 2021, Defendant filed a motion for summary judgment seeking the dismissal of plaintiff's claim. Rec. Doc. 20.  In its motion, defendant argued it was entitled to summary judgment because plaintiff could not meet his burden of proving the defendant had actual notice of the condition on the floor that caused plaintiff's slip and fall accident. *Id.*  Despite numerous opportunities and continuances, plaintiff *pro se* failed to file a memorandum in opposition or response to defendant's motion for summary judgment.

On June 3, 2021, this Court issued an Order and Reasons granting defendant's motion for summary judgment because it was unopposed, and the motion had merit. Rec. Doc. 29. The Order noted that plaintiff could file a motion to reconsider the judgment within fourteen (14) days. *Id.*  Further, the Order stated that any motion for reconsideration "must be accompanied by opposition memoranda to the original motion." *Id.*

On July 12, 2021, plaintiff filed the instant motion for reconsideration, seeking to set aside this Court's prior judgment on the defendant's motion for summary judgment. Rec. Doc. 30.

Plaintiff did not submit an opposition memorandum with his motion; instead, he requests an additional ninety (90) days to file a response. *Id.* Defendant opposes the motion for reconsideration, arguing that this Court should uphold its prior judgment because: (1) Plaintiff failed to comply with this Court's previous Order; and (2) Plaintiff failed to identify any evidence that he can present that shows the defendant knew or should have known of the substance on the floor before the plaintiff's accident. *See* Rec. Doc. 31.

I. <u>**LAW AND ANALYSIS**</u>

The Federal Rules of Civil Procedure do not recognize a general motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336 (5th Cir. 1997). Nevertheless, a party may submit a motion seeking reconsideration under Federal Rule of Civil Procedure 54(b), 59(e), or 60(b) depending on the circumstances. Fed. R. Civ. Proc. 54(b); A*dams v. United Ass'n of Journeymen & Apprentices of the Plumbing & Pipefitting Indus. of the United States & Canada*, AFL-CIO, Loc. 198, 495 F. Supp. 3d 392, 395 (M.D. La. 2020). Motions to reconsider, whether analyzed under Rule 54(b), Rule 59(e) or Rule 60(b), "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence." *Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989). This Court weighs four factors in deciding a motion to reconsider under Rule 59(e):

3

(1) the judgment is based upon a manifest error of fact or law; (2) newly discovered or previously unavailable evidence exists; (3) the initial decision was manifestly unjust; or (4) an intervening change in law alters the appropriate outcome. *Wiley v. Dep't of Energy*, No. CV 21-933, 2021 WL 2291135 (E.D. La. June 4, 2021); *Hightower v. Grp. 1 Auto., Inc*, No. CV 15-1284, 2016 WL 3430569 (E.D. La. June 22, 2016).

A motion for reconsideration is an extraordinary remedy and should be used sparingly in the interest of finality and conservation of judicial resources. *Carroll v. Nakatani*, 342 F.3d 943, 945 (9th Cir. 2003). They are not the proper vehicle for rehashing evidence, legal theories, or arguments. *Simon v. United States*, 891 F.2d 1154, 1159 (5th Cir. 1990). Nor should a motion for reconsideration be used to raise arguments that could have and should have been made before entry of an order or to re-urge matters that have already been advanced by a party. *See Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990). Furthermore, when there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and should not be granted. *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471 (M.D. La. 2002). It is with these principles in mind that we turn to address Plaintiff's motion for reconsideration under Rule 59(e).

Plaintiff has not established that reconsideration is proper. While plaintiff is a *pro se* litigant, he is still required to adhere to the rules of civil procedure and the orders of this Court. *See Ogbodiegwu v. Wackenhut Corr. Corp.*, 202 F.3d 265, 1999 WL 1131884, at *2 (5th Cir. Nov. 10, 1999) (reasoning while *pro se* litigants are provided greater leniency in certain areas, they must "still comply with the rules of civil procedure and make arguments capable of withstanding summary judgment."); *see also Yazdchi v. Am. Honda Fin. Corp.*, 217 Fed.Appx. 299, 304 (5th Cir.2007) ("The right of self-representation does not exempt a party from compliance with the relevant rules of procedural and substantive law.") (citing *Hulsey v. Texas*, 929 F.2d 168, 171 (5th Cir.1991)). This Court issued an Order and Judgment which explicitly stated plaintiff's motion for reconsideration "must be accompanied by opposition memoranda to the original motion." Nevertheless, plaintiff did not submit an opposition memorandum with this motion; instead, plaintiff seeks an additional ninety (90) days to either find counsel or file his opposition memorandum.

Plaintiff had more than ample time to file an opposition to defendant's motion for summary judgment. That motion was initially set for submission on May 12, 2021. *See* Rec. Doc. 29. Then, at plaintiff's request, the submission date was continued to May 26, 2021, and then again to June 23, 2021. *See* Rec. Docs. 22, 25. According to plaintiff, his attorney of record withdrew on May 28,

2021, thus leaving him with less than twelve days to secure new representation and file an opposition to the motion. Rec. Doc. 30. Under local court rules, the response would have been due eight days prior to the submission date. Plaintiff could have made the deadline for submission if he had filed a *pro se* response. Additionally, even if twelve days wasn't enough time for plaintiff to file an opposition, given this court's Order and Judgment, plaintiff had an additional fourteen days to draft an opposition and submit it with the instant motion for reconsideration. Again, no timely response was forthcoming. Because there were multiple opportunities to file an opposition to the motion for summary judgment, another extension of time is unwarranted.

Furthermore, plaintiff is not entitled to reconsideration of this Court's prior Judgment. As stated *supra*, this Court considers four factors in deciding motions for reconsideration under the Rule 59(e) standard: (1) the judgment is based upon a manifest error of fact or law; (2) newly discovered or previously unavailable evidence exists; (3) the initial decision was manifestly unjust; or (4) an intervening change in law alters the appropriate outcome. Here, plaintiff has failed to provide any evidence or substantive legal argument to justify altering the previous judgment. Plaintiff has not shown that the judgment was based on a manifest error of law or that he recently discovered previously unavailable relevant and material evidence. Likewise,

6

plaintiff has not argued or shown that this Court's initial decision was manifestly unjust or that an intervening change in the law alters the previously issued judgment. Instead, the only justification is an unfounded need for more time to file an opposition. Further, plaintiff fails to show how additional time to file a response will likely overcome defendant's motion for summary judgment. *See, e.g., Nationwide Mut. Fire Ins. Co. v. Pham*, 193 F.R.D. 493, 495 (S.D.Miss.2000). Excusable neglect or manifest error has not been found here.

New Orleans, Louisiana this 18th day of October 2021

_____
SENIOR UNITED STATES DISTRICT JUDGE